1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PHELPS, | Case No. 1:21-cv-01108 BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| MANUEL PEREZ, WARDEN, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| Defendants. | |
| | (ECF No. 9) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Paul Phelps ("Plaintiff") is a  county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on July 22, 2021, was screened, and Plaintiff was granted leave to amend.  Plaintiff first amended complaint, filed on October 20, 2021, is currently before the court for screening.  (Doc. 9.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

1   A complaint must contain "a short and plain statement of the claim showing that the

2   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

5   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

6   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

7   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

8   To survive screening, Plaintiff's claims must be facially plausible, which requires

9   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

10  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

11  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

12  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

13  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

14  **II.      Plaintiff's Allegations**

15  Plaintiff is currently housed at Madera County Department of Corrections, where the

16  allegations in the complaint occurred. Plaintiff alleges he was a pretrial at the time of the events.

17  Plaintiff names the following defendants: (1) Manual Perez, Chief/Warden, (2) Sgt. Townsend,

18  Correctional Officer and watch commander, (3) Bettes, Correctional Officer, and (4) County of

19  Madera.

20  On December 21, 2019, Plaintiff was booked into Madera County Department of

21  Corrections (MCDC) and medically assisted by the medical staff.  Soon after, Sgt Townsend and

22  Officer Bettes both approached the holding cell and advised Plaintiff that he had to be double

23  celled for housing.  Plaintiff refused to be double celled due to safety reasons and out of fear for

    his safety.  Plaintiff asked Sgt. Townsend to provide Plaintiff with lockdown housing for his
24
    protection.  Sgt. Townsend became angry and ordered Officer Bettes to handcuff Plaintiff and
25
    move him to another holding cell.  After being handcuffed in the holding cell, both officers again
26
    approached the holding cell and advised the Plaintiff of what they were going to Plaintiff's
27
    request.  Plaintiff repeated his safety concerns to Sgt. Townsend, refused to be housed in the
28

2

double man cell and asked to be housed in lockdown.  Out of anger, Defendant Townsend ordered and assisted Officer Bettes to exercise undue force against the Plaintiff, who was handcuffed, by slamming the Plaintiff face first into the ground and causing his teeth to lodge through his upper lip.  Both engaged in this action, and Plaintiff was injured.

The RN who first assisted Plaintiff was called back to give immediate medical care. The RN photographed the injuries. Plaintiff alleges Sgt. Townsend retaliated against Plaintiff "when he criminally charged the Plaintiff of resisting arrest, for exercising his right to seek redress from the jail through use of the grievance system."

Plaintiff alleges that Sgt. Townsend and Officer Bettes were under the command of Chief Manuel Perez and were employees of the County of Madera. Plaintiff alleges that Madera County is a municipal corporation had authority as the employer of the defendants and that the "unspoken custom relied on by Defendants" was inaction to change the ongoing abuse in the Madera County Department of Corrections.  Plaintiff alleges that the inaction to change by Madera County, Department of Corrections' treatment of its prisoners was a moving force that gave Chief Manual Perez, Sgt. Townsend and Officer Bettes the authority to keep performing duties in a "business as usual" manner and violating constitutional rights.

Plaintiff alleges that MCDC has a long history of abusing its prisoners that span decades and founded practices that have become a traditional method of carrying out the custom.  Plaintiff alleges a lack of care to protect Plaintiff from violence and it falls on Madera County to protect him.  Plaintiff alleges that Defendant Chief Manual Perez knowingly failed in his responsibility to take reasonable measures to protect Plaintiff from violence; he has known of violence at the hands of officers for years.  Plaintiff was attempting to be single celled due to safety concerns and that the officer with authority to ensure safety attacked Plaintiff.  Chief Manual Perez knew of previous acts by officers under his authority and disregarded taking any measure to ensure safety. He is liable for the assault and for not housing Plaintiff in segregation.  Plaintiff states his assault reflects on the history of training and the culture of the jail.  MCDC has a history of abusing/assaulting its prisoners and not rules have been put in place to further protect prisoners from physical harm. Supervisory liability exists because Chief Manuel Perez helped created the

3

1    culture of officers abusing their authority and prisoners' rights which was so prevalent that

2    defendants Sgt. Townsend and Officer Betts assaulted Plaintiff in plain view of facility cameras.

3          In addition to constitutional violations, Plaintiff asserts claims under state law for

4    violation of MCDC rules and regulations, California Penal Code, California civil codes.

5          Plaintiff seeks compensatory damages and punitive damages and other applicable

6    damages.

7          **III.    Discussion**

8          **A.    Excessive Force**

9          Plaintiff alleges he was a pretrial detainee at the time of the incident. Constitutional

10   questions regarding the conditions and circumstances of Plaintiff's confinement are properly

11   raised under the Due Process Clause of the Fourteenth Amendment. *City of Revere v. Mass. Gen.*

12   *Hosp.*, 463 U.S. 239, 244, 77 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Oregon*

13   *Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The due process rights of pretrial

14   detainees are "at least as great as the Eighth Amendment protections available to a convicted

15   prisoner" *Revere*, 463 U.S. at 244. Thus, while the Eighth Amendment provides a minimum

16   standard of care for detainees, plaintiff's rights while detained in custody are determined under

17   the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's

18   protection against cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175,

19   1197 (2001) (overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060

20   (2016)).

21          The Constitution does not prohibit the use of reasonable force by officers. *Tatum v. City*

22   *& County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir.2006). Whether force used was

23   excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the

24   facts and circumstances confronting them, without regard to their underlying intent or

25   motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v.*

26   *County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The proper inquiry balances the nature and

27   quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490

28   U.S. at 396; *Lolli*, 351 F.3d at 415. The "reasonableness" of a particular use of force must be

1  judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision

2  of hindsight.  "Not every push or shove, even if it may later seem unnecessary in the peace of a

3  judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396 (citations omitted).

4  Liberally construing the allegations, Plaintiff states a cognizable claim under the

5  Fourteenth Amendment against Sgt. Townsend and Officer Bettes for excessive force. Plaintiff

6  alleges both defendants slammed Plaintiff head first to the ground while Plaintiff was handcuffed,

7  causing injuries.

8  **B.  Failure to Protect**

9  If the inmate was a pretrial detainee at the relevant time, his claim would arise under the

10  Fourteenth Amendment's Due Process Clause. Jail officials may be liable under the Fourteenth

11  Amendment for failure to protect a pretrial detainee from a risk of harm by others. To state a

12  claim that an individual officer failed to protect a pretrial detainee, a plaintiff must allege facts

13  showing these elements:

14  (1)The defendant made an intentional decision with respect to the conditions under
    which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial

15  risk of suffering serious harm; (3) The defendant did not take reasonable available
    measures to abate that risk, even though a reasonable officer in the circumstances

16  would have appreciated the high degree of risk involved—making the consequences of
    the defendant's conduct obvious; and (4) By not taking such measures, the defendant

17  caused the plaintiff's injuries.

18  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), cert. denied, 137

19  S. Ct. 831 (2017).

20  Plaintiff fails to state a failure to protect claim against Sgt. Townsend and Officer Bettes.

21  Plaintiff alleges Sgt. Townsend and Bettes were engaged in the excessive force and were not

22  bystanders observing the force.

23  **C.  First Amendment - Retaliation**

24  Allegations of retaliation against a prisoner's First Amendment rights to speech or to

25  petition the government may support a section 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090,

26  1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham*

27  *v. Bojorquez*, 866 F. 2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

28

1
2
3
4
5
6
7

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

8
9
10
11
12
13
14
15
16

Plaintiff fails to state a cognizable claim.  Here, although Plaintiff contends that he was subjected to retaliation, Plaintiff's allegations are insufficient to demonstrate he undertook any "protected conduct." Asking to be placed in lockdown is not protected conduct. Plaintiff alleges Sgt. Townsend retaliated against Plaintiff "when he criminally charged the Plaintiff of resisting arrest, for exercising his right to seek redress from the jail through use of the grievance system." Plaintiff does not state any facts that he was attempting to use the grievance process. Further, Plaintiff fails to allege any "adverse action" that chilled Plaintiff's First Amendment rights and that did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegation is insufficient to state a claim.  Plaintiff has been unable to cure this deficiency.

17

### D.  Supervisor Liability

18
19
20
21
22
23

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

24
25
26
27
28

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should

6

1   know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570.

2   Supervisory liability may also exist without any personal participation if the official implemented

3   "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the

4   moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446

5   (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer*

6   *v. Brennan*, 511 U.S. 825 (1970).

7        To prove liability for an action or policy, the plaintiff "must...demonstrate that his

8   deprivation resulted from an official policy or custom established by a...policymaker possessed

9   with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d

10   707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between

11   such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v.*

12   *Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

13   1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

14   civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.

15   1982).

16        Here plaintiff alleges that Chief Perez knowingly oversaw a prison with unconstitutional

17   policies or customs, in that he: (1) accepts or acquiesces in a pervasive culture of violence against

18   prisoners at MCDC; (2) is and has been aware of the excessive use of force activities of the

19   members of correctional staff, but has failed and refused to take action against them; and (3)

20   learned of ongoing violations of inmates' rights by his subordinates, and failed to take corrective

21   action, thereby allowing those violations to continue.

22        "A policy or custom may be found ... in the failure of an official 'to take any remedial

23   steps after the violations.' ... Where the retaliatory acts are traceable to a custom or policy ... it is

24   unnecessary to demonstrate that the decision-making official directly ordered each act carried out

25   under his edict." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (finding a policy or

26   custom that warranted supervisory liability based on "failure to investigate the retaliation

27   complaints, the lack of reprimand or discipline for the officers involved even when their

28   supervisors were aware of the complaints, and the delegation of investigation to officers involved

7

1    in the grievances"); *Larez v. City of L.A.*, 946 F.2d 630, 647 (9th Cir. 1991) (finding evidence of a

2    policy or custom of excessive force based on police chief's failure "to take any remedial steps

3    after the violations; "Supervisory liability is imposed against a supervisory official in his

4    individual capacity for his own culpable action or inaction in the training, supervision, or control

5    of his subordinates"); *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) ("Chief

6    Romero can be held liable in his individual capacity for his own culpable action or inaction in the

7    training, supervision, or control of his subordinates; for his acquiescence in the constitutional

8    deprivation[;] or for conduct that showed a reckless or callous indifference to the rights of

9    others") (internal quotation marks omitted);

10           Liberally construing the allegations against Defendant Perez, Plaintiff has sufficiently

11   pleaded an unconstitutional policy or custom violation against Chief Perez.

12                **E.  *Monell* Liability against County of Madera**

13           Plaintiff has named the County of Madera as a defendant.

14           Local governments are "persons" subject to liability under  42 U.S.C. § 1983 where

15   official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436

16   U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the

17   unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty.*

18   *Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v.*

19   *City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Local governing bodies therefore may be

20   sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of

21   federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for

22   punitive damages under  § 1983, however. *See  City of Newport v. Fact Concerts, Inc.*, 453 U.S.

23   247, 271 (1981).

24           To impose municipal liability under § 1983 for a violation of constitutional rights

25   resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a

26   constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)

27   that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)

28   that the policy is the moving force behind the constitutional violation."  *Oviatt By and Through*

*Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489

U.S. 378, 389 (1989) (internal quotation marks omitted);

A local governmental entity may be liable if it has a 'policy of inaction and such inaction

amounts to a failure to protect constitutional rights.' " *Lee v. City of Los Angeles*, 250 F.3d 668,

681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). The custom

or policy of inaction must be the result of a conscious or deliberate choice to follow a course of

action made from among various alternatives by the official or officials responsible for

establishing final policy with respect to the subject matter in question. *City of Canton*, 489 U.S.

at 389; *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84

(1986) (plurality opinion)).

Liberally construing the allegations in the first amended complaint, Plaintiff alleges that

MCDC tolerated the use of unconstitutional force at MCDC, and gave deputies and supervisors

license to use excessive force without fear of discipline, due to the prevalence of the excessive

force. Plaintiff alleges Defendant Perez, a policy maker, perpetuated a culture where excessive

force was encouraged, and promoted the practice of force and deputy misconduct. *Rodriguez v.

Cty. of Los Angeles*, 96 F. Supp. 3d 990, 1004 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir.

2018). Here, the first amended complaint contains allegations that Plaintiff was injured as a result

of employees acting pursuant to a policy or custom of the MCDC.  Liberally construing the

allegations, Plaintiff alleges a pattern of wrongful acts by a governmental official to show that

unconstitutional conduct was so permanent and well-settled as to constitute an unspoken 'custom

or usage' with the force of law

### F.  State Law Violations

Plaintiff also alleges violations of the California Penal Code. However, generally, the

California Penal Code does not permit a private right of action. *See Thomas v. Restaurant*, Case

No. 1:15-cv-01113-DAD-SKO, 2015 WL 9583029, at \*2 (E.D. Cal. Sept. 31, 2015). Plaintiff also

alleges violation of jail rules and the Civil Code. To the extent that defendants have not complied

with applicable state statutes or prison regulations, this deprivations does not support a claim

under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally

1 protected rights. "To the extent that the violation of a state law amounts to the deprivation of a

2 state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection

3 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997)

4 (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v.*

5 *Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3,

6 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*,

7 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir.

8 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected

9 by the federal Constitution and/or the violation of any prison regulation, rule or policy does not

10 amount to a cognizable claim under federal law, nor does it amount to any independent cause of

11 action under § 1983. Accordingly, plaintiff cannot maintain a § 1983 claim for violations of jail

12 rules or other California law.

13

14 **IV.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's first amended complaint states the

15 following cognizable claims: (1) excessive force by Sgt. Townsend and Officer Bettes in

16 violation of the Fourteenth Amendment, (2) supervisor liability against Chief Manual Perez in

17 violation of the Fourteenth Amendment, and (3) *Monell* liability against the County of Madera in

18 violation of the Fourteenth Amendment.

19 Plaintiff fails to state any other cognizable claims. Despite being provided with the

20 relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies

21 and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

22 Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

23 District Judge to this action.

24 FURTHER, IT IS HEREBY RECOMMENDED as follows:

25 1.    This action proceed on Plaintiff's first amended complaint, filed on October 20,

26 2021, on the following cognizable claims: (1) excessive force by Sgt. Townsend

27 and Officer Bettes in violation of the Fourteenth Amendment, (2) supervisor

28

1    liability against Chief Manual Perez in violation of the Fourteenth Amendment,

2    and (3) *Monell* liability against the County of Madera in violation of the

3    Fourteenth Amendment.

4        2.    All other claims be dismissed from this action based on Plaintiff's failure to state

5    claims upon which relief may be granted;

6

7    These Findings and Recommendations will be submitted to the United States District Judge

8    assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being

9    served with these Findings and Recommendations, Plaintiff may file written objections with the

10   Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

11   Recommendations."  Plaintiff is advised that the failure to file objections within the specified

12   time may result in the waiver of the "right to challenge the magistrate's factual findings" on

13   appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923

14   F.2d 1391, 1394 (9th Cir. 1991)).

15

16   IT IS SO ORDERED.

17       Dated:   **November 5, 2021**          /s/ *Barbara A. McAuliffe*

18                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28